## SMYTH v. CARLISLE.

Where in a writ of entry against C & F the writ and pleadings admit F to be in possession claiming title, the plaintiff can not have judgment against C if F maintains his right of possession.

Office copies of deeds which form no part of the chain of title of the party producing them, can not be produced in evidence if the originals are to be had.

A conveyance absolute on its face but in fact made as security to the grantee, is fraudulent as to existing creditors of the grantor.

A conveyance by C to F intended as a fraud in fact upon creditors, may be impeached by a subsequent creditor.

To rebut the presumption of fraud, evidence to prove that subsequently C arranged with his creditors, by which they assented to the conveyance; that F gave C an agreement to quitclaim the premises on being indemnified for his liabilities; that C settled with the agent of the creditors and was to receive the premises as compensation for his services for the creditors; that at the time of the conveyance and for a long time thereafter C was unembarrassed; and that F has still valid claims against C is competent evidence to go to a jury.

If the conveyance to F was *bonâ fide*, and he has not been indemnified, he holds in trust for his own indemnity, and beyond that for C, and the plaintiff's remedy is by bill in equity to compel a conveyance upon his indemnifying F.

WRIT OF ENTRY, dated October 27, 1840, for a tract of land in Lancaster. Plea, the general issue.

Upon the trial in the court of common pleas, the court ruled that the facts which the defendants offered to prove, and which are stated in the opinion of the court, would constitute no defence to the plaintiff's action sustained by evidence to show title in him, and thereupon directed a verdict to be taken for the plaintiff.

*Wells & Bellows*, for the plaintiff, cited 12 Serg. & R. 448; Fonbl. Eq. 206, note, 213, note; *Brackett* v. *Waite*, 4 Verm. 389; *Reed* v. *Woodman*, 4 Greenl. 400; 2 Kent's Com. 441; *Howe* v. *Warde*, 4 Greenl. 195; *Damon* v. *Bryant*, 2 Pick. 411; Roberts on Conveyances 457; *Scan-*

*lan* v. *Wright*, 13 Pick. 523; *Verplanck* v. *Sterry*, 12 Johns. 536; *Hildreth* v. *Sands*, 2 J. C. R. 35; *Saxton* v. *Wheaton*, 8 Wheat. 229.

*Young*, for the defendant, cited 3 N. H. 366, 370; 14 Mass. 247; 2 Brock. 153; 6 Mass. 342; 1 Burr. 474; 1 Jones Ch. 306; 2 Jones Ch. 35; 4 Johns. 493; 2 N. H. 17; 6 N. H. 69; 2 Hov. on Frauds 75, and cases cited; 4 Greenl. 52; 4 Verm. 389; 4 Greenl. 400; 1 Fonbl. Eq. 206, note; 2 Kent's Com. 442, note (d).

PARKER, C. J. The case finds that the defendant Carlisle was formerly the owner of the premises. The plaintiff's title is under a levy upon an execution recovered by him against Carlisle, May term 1840. The extent bears date June 15, 1840.

The demand upon which the judgment is founded was a bill of exchange dated February 16, 1837, accepted by Norton, Carlisle & Co., of which firm the defendant Carlisle was a member.

Carlisle has no defence. His rights were taken by the levy.

But the writ and pleadings admit Farrar to be in possession claiming title, and the plaintiff therefore can not have judgment against Carlisle, if Farrar the other defendant maintains his right of possession. *George* v. *Sargent*, 12 N. H. 313.

Carlisle held the title to the premises prior to March 21, 1821, and on that day conveyed this with other lands by an absolute deed to Farrar.

The plaintiff alleges this deed to have been fraudulent as to creditors.

To show this, he offered with other evidence office copies of deeds, by which it would appear that Farrar had conveyed to Carlisle and one Cargill the lands which were included in this deed of Carlisle to Farrar.

The objection to the introduction of these office copies was well taken. The originals should have been produced, if to be had. The alleged conveyances were in no chain of title under which the plaintiff claims, and office copies were therefore no better than other copies. *Loomis* v. *Bedel,* 11 N. H. 74.

There was, however, competent evidence tending to show that the conveyance of the premises in March 1821 by Carlisle to Farrar was fraudulent in fact as to his creditors, if he was to be regarded as the owner.

The defendants offered evidence tending to show that Carlisle in fact held the lands in trust for Carlisle & Co. ; and showing that the conveyance though absolute on its face, was made to indemnify Farrar against his liabilities on account of the firm and other firms of which Carlisle was a member. It was therefore on this evidence fraudulent as against the then existing creditors of the firm. *Smith* v. *Lowell,* 6 N. H. 67.

The existing creditors of Carlisle might have taken it while the title remained in him, the trust not appearing, and if Carlisle had an interest in the property after the deed to Farrar, that deed may be regarded as fraudulent as to Carlisle's creditors.

The evidence further tended to show, that in September 1823 Carlisle & Co. made an arrangement with the creditors of the firm, by which they assented to the conveyance to Farrar, and Carlisle covenanted to stand seized of the demanded premises along with other real estate, to the use of the creditors. All the personal property was by that arrangement conveyed to certain of the creditors.

After that, the creditors of Carlisle who were parties to the arrangement, could no longer allege that the conveyance to Farrar was fraudulent.

The defendants further offered to prove, that by that arrangement Carlisle was to act as agent of the creditors, and on the 24th of September 1823 took from Farrar an

Smyth *v.* Carlisle.

agreement in writing to quitclaim to him all the lands conveyed to Farrar by the deed of March 21, 1821, on being indemnified against all his liabilities; that Carlisle, July 26, 1827, surrendered his agency to Josiah Bellows by agreement with the creditors, and conveyed to him all the trust property remaining in his hands, except certain lands occupied by him, &c., the demanded premises being part of what was not conveyed; that August 1, 1827, Carlisle made a settlement of the affairs of his agency with Bellows as agent of the creditors, and in part payment for his services it was agreed that he should receive the premises and other lands which he had not conveyed to Bellows. The property was charged in the accounts but no release from the creditors has been made. Bellows then gave Carlisle a bond to indemnify him against the liabilities of the firm, and among others those for which Farrar held the premises.

By this settlement all the interest in the premises except what Farrar had by the deed of 1821, was transferred to Carlisle, the legal title remaining in Farrar in trust for his own indemnity and beyond that for Carlisle. And Carlisle held an obligation by which in effect Farrar was to be held harmless.

The defendants further proposed to show that January 1, 1827, Carlisle and Farrar made a settlement of the accounts and claims of Farrar secured by the deed to him as they existed in 1821; that there was due Farrar $400, for which Carlisle gave his individual note in behalf of the creditors, which note was included in the debts Bellows became bound to pay by his bond of July 26, 1827; that Farrar has now that note and recovered a judgment thereon, which remains unsatisfied; and that there is another demand due the executors of James Dewey, of $277.66, on which Farrar is liable for Bellows & Carlisle; which liability appears to have arisen May 3, 1823.

The defendants further proposed to prove, that at the

time of making the deed to Farrar, Carlisle owed no debts, and was perfectly unembarrassed until after the year 1835; and that the creditors of all the firms with which he was connected on the 22d of September 1823, received the conveyance of the effects of Carlisle & Co. in full payment of their claims.

The court having rejected the evidence offered by the defendant, the verdict which was taken for the plaintiff must be set aside.

The plaintiff is a creditor of Carlisle upon a demand which arose long subsequent to the conveyance to Farrar.

He is not within the principle of *Smith* v. *Lowell*, which is to be limited to existing creditors.

If the conveyance to Farrar was *bonâ fide*, and he has not been indemnified, he may hold against the plaintiff until he is so.

The plaintiff's remedy in such case, if he have any, is by bill in chancery to compel a conveyance upon his indemnifying Farrar; that is, to appropriate to himself all the interest which Carlisle in fact had in the premises.

Whether he could make Bellows a party on account of the bond he had given, and compel him to exonerate Farrar, we need not inquire.

If the conveyance to Farrar was in fact intended as a fraud upon creditors, the plaintiff, although a subsequent creditor, may impeach and defeat it. It remains apparently an absolute deed, while in fact Carlisle has an interest in the lands conveyed by it.

The matter must be submitted to a jury.

*Verdict set aside.*